PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARQUETTA WILLIAMS, etc., ) | |
| ) | CASE NO. 5:22CV0416 |
| Plaintiffs, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| THE CITY OF CANTON, et al., ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF Nos. 20 and 22] |

Pending is Defendant City of Canton's Motion for Judgment on the Pleadings (ECF No. 20). For the reasons set forth in Section III below, the motion is denied without prejudice.

Also pending is Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 22). Plaintiff attached the Proposed Amended Complaint (ECF No. 22-1) to the motion. The Court has been advised, having reviewed the record, the parties' briefs,[1] and the applicable law. For the reasons set forth in Section II below, Plaintiff's motion is granted in part and denied in part.

**I. Background**

The above-entitled action involves the shooting death of James Williams by Officer Huber on January 1, 2022. Plaintiffs Marquetta Williams, Individually and as Administratrix of the Estate of James Williams, Deceased ("Administratrix"), and her three minor children (J.W.1.,

---

[1] Defendant Robert A. Huber ("Officer Huber") is a Canton Police Officer. He has not filed a Response to ECF No. 22.

(5:22CV0416)

P.W., and J.W.2.) have alleged the following 11 causes of action against the City of Canton ("the City"), Officer Huber, and John/Jane Does # 1-10, whom are also Canton Police Officers:

| | |
|---|---|
| Count I | By Administratrix – Excessive Force in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments – Against Officer Huber; |
| Count II | By Administratrix – Excessive Force in Violation of §1983 and the Fourth and Fourteenth Amendments – Against the City; |
| Count III | By Administratrix – Wrongful Death Pursuant to Ohio Rev. Code § 2125.01 *et. seq.* – Against All Defendants; |
| Count IV | By Administratratrix – Survivorship – Against All Defendants; |
| Count V | By Administratrix – Deliberate Indifference to Medical Need in Violation of § 1983 and the Fourth and Fourteenth Amendments – Against Officer Huber and John/Jane Does # 1-10; |
| Count VI | By Administratrix – Deliberate Indifference to Medical Need in Violation of § 1983 and the Fourth and Fourteenth Amendments – Against the City; |
| Count VII | By Administratrix – Assault and Battery of James Williams – Against Officer Huber and the City; |
| Count VIII | By Marquetta Williams, Individually – Excessive Force in Violation of § 1983 and the Fourth and Fourteenth Amendments – Against Officer Huber; |
| Count IX | By Marquetta Williams, Individually – Assault and Battery of Marquetta Williams – Against Officer Huber and the City; |

(5:22CV0416)

Count IX[2]  By Marquetta Williams, Individually, and on behalf of her three minor children – Intentional Infliction of Emotional Distress – Against All Defendants;

Count X  By Marquetta Williams, Individually, and on behalf of her three minor children – Reckless and/or Negligent Infliction of Emotional Distress – Against All Defendants.

*See* Complaint (ECF No. 1).

## II.  ECF No. 22

Plaintiff moves the Court for leave to add Janairul Williams and Jermal Monday as new parties plaintiff, remove the state tort claims against the City, and add a claim for declaratory judgment against the City under Ohio Rev. Code § 2721.03 regarding the indemnification provision in Ohio Rev. Code § 2744.07 (Proposed Count Ten).  The City does not oppose the addition of two plaintiffs.  Nor does the City oppose the removal of state-law claims against it, which would resolve the City's Motion for Judgment on the Pleadings (ECF No. 20).  But the City opposes the attempt to add a new claim for declaratory judgment which asks the Court to clarify Ohio's indemnification statute.  *See* ECF No. 26 at PageID #: 164.

Fed. R. Civ. P. 15(a)(2) mandates that leave to amend shall be freely given "when justice so requires."  As stated by the U.S. Supreme Court:

> . . . In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc,—the leave sought should, as the rules require, be "freely given." . . .

---

[2]  There are two Count IXs in the Complaint (ECF No. 1).

(5:22CV0416)

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2016). Under Rule 15(a), the court has discretion in allowing amendments. *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990) ("Decisions as to when justice requires amendment are left to the sound discretion of the trial judge. . . ."). In addition, the Court has broad discretion in allowing or disallowing the joinder of parties, and the purpose of Fed. R. Civ. P. 20(a)(2) is to foster judicial economy and trial convenience. *Amtote Int'l Inc. v. Ky. Downs, LLC*, No. 1:15-CV-0047-GNS, 2017 WL 1829782, at *1 (W.D. Ky. May 5, 2017) (citation omitted).

Count Ten of the Proposed Amended Complaint is a claim for declaratory judgment against the City pursuant to Ohio Rev. Code § 2721.03 regarding the indemnification provision in Ohio Rev. Code § 2744.07. ECF No. 22-1 at PageID #: 139-41. Specifically, Plaintiff alleges that "Under R.C. §2744.07(B), in the event of a judgment in favor of Plaintiffs against Officer Huber, Officer Huber has a vested right to be indemnified by Defendant Canton for judgments entered against him arising out of acts committed by him within his scope of employment with Defendant Canton and that were not committed in bad faith." ECF No. 22-1 at PageID #: 141, ¶ 104. In advancing this cause of action, Plaintiffs claim to "have a property interest in Officer Huber's duty to satisfy any monetary judgment entered against him, as [a] result of his conduct, and, thus, his duty to seek to be indemnified by Canton under R.C. § 2744.07(B), in the event that he lacks sufficient resources to satisfy the judgment." ECF No. 28 at PageID #: 176. As the Ohio Supreme Court of Ohio recognized, "pursuant to R.C. 2744.07, political subdivisions are

(5:22CV0416)

required to indemnify employees in certain instances." Ayers v. City of Cleveland, 160 Ohio St.3d 288, 290 (2020).

The City opposes Plaintiffs' request for leave to add a claim under Ohio law regarding the indemnification provision in Ohio Rev. Code § 2744.07. According to the City, Plaintiffs lack standing to ask the Court to clarify the state statute on Officer Huber's behalf. The Court looks first to the ripeness doctrine, which may be raised by the Court *sua sponte*. Ky. Press Ass'n v. Kentucky, 454 F.3d 505, 509 (6th Cir. 2006); Bigelow v. Mich. Dep't of Natural Res., 970 F.2d 154, 157 (6th Cir. 1992). The ripeness doctrine applies to declaratory judgment actions. "It is clear that the declaratory judgment procedure is available in the federal courts only in cases involving actual controversies and may not be used to obtain an advisory opinion in a controversy not yet arisen." Marek v. Navient Corp., No. 1:16CV2031, 2017 WL 32943, at *1 (N.D. Ohio Jan. 4, 2017) (quoting United Pub. Workers of Am. (C.I.O.) v. Mitchell, 330 U.S. 75, 116 (1947)). "The requirements of standing, ripeness, and mootness guard against the issuing of advisory opinions." Celebrezze v. U.S. Dep't of Transp., 766 F.2d 228, 232 (6th Cir. 1985); *see also* Briggs v. Ohio Elections Comm'n, 61 F.3d 487, 493 (6th Cir. 1995) (noting that a court is "obliged under Article III to limit its jurisdiction to ripe cases, to avoid issuing advisory opinions based upon hypothetical situations").

"Ripeness is a justiciability doctrine designed to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Ky. Press Ass'n, 454 F.3d at 509 (internal quotation marks omitted). "[T]he ripeness doctrine is discretionary." Jackson v. City of Cleveland, 925 F.3d 793, 808 (6th Cir. 2019). "Application of this doctrine requires that

(5:22CV0416)

the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances." *Id.* at 807 (internal quotation marks omitted). "A claim is unripe when it is anchored in future events that may not occur as anticipated, or at all." *Id.* (internal quotation marks omitted). Such is the case here. *See Gillispie v. City of Miami Twp.*, No. 3:13-cv-416, 2020 WL 5629677 at *39-40 (S.D. Ohio Sept. 21, 2020) (dismissing a claim for indemnification under Ohio law without prejudice at the summary judgment stage).

As shown in the Proposed Amended Complaint (ECF No. 22-1) and text of Ohio's indemnification statute, Plaintiffs' claim for declaratory judgment is fixed to them obtaining a judgment against "an employee" of the City—a future event that may not occur as anticipated, or at all. *Id.*; § 2744.07(B)(1) (unless an exception applies, "a political subdivision shall indemnify and hold harmless an employee in the amount of any judgment . . . that is obtained against the employee in a state or federal court. . . ."); *Ayers*, 160 Ohio St.3d at ("[i]n reviewing the plain language of R.C. 2744.07(A)(2), it is clear that a political subdivision must indemnify an employee in the amount of any judgment qualifying under the statute"); *Jackson*, 925 F.3d at 807 (explaining that indemnification claims typically depend on the favorable adjudication of underlying claims); *see also Ayers v. City of Cleveland*, 99 N.E.3d 1269, 1276 (Ohio App. 8th Dist. 2017) (the statute "suggests that the political subdivision's duty to indemnify and hold harmless attaches immediately upon the issuance of the judgment against the employee"). Hence, Plaintiffs' declaratory judgment claim is premature and, at this point, it is speculative whether the alleged harm that is the basis for seeking an order compelling Officer Huber to seek indemnification from the City will occur. *See* ECF No. 22-1 at PageID #: 141, ¶ 106 ("In the

(5:22CV0416)

event that a judgment for a certain sum is entered against Officer Huber, and Officer Huber fails to satisfy said judgment, Plaintiffs seek an[] order compelling Officer Huber to seek indemnification from Defendant Canton.").

Weighing the factors to be considered in determining whether to apply the ripeness doctrine, *see Ky. Press Ass'n*, 454 F.3d at 509,[3] the Court finds that Proposed Count Ten is unripe and exercises its discretion to deny Plaintiffs' request for leave to add this state law claim for declaratory judgment against the City pursuant to Ohio Rev. Code § 2721.03 regarding the indemnification provision in Ohio Rev. Code § 2744.07.

### III. ECF No. 20

In its Motion for Judgment on the Pleadings (ECF No. 20), the City moves the Court to dismiss the six state tort claims against it because none of them allege an exception to the City's immunity under Ohio Rev. Code § 2744.02. The City's motion will predate the Amended Complaint, which will supersede the Complaint (ECF No. 1) to which the motion is directed. *See Clark v. Johnston*, 413 Fed.Appx. 804, 811 (6th Cir. 2011) (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2010) (stating that "[a] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies" and that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function

---

[3] "In performing the ripeness inquiry, we must weigh three factors when deciding whether to address the issues presented for review: 1) 'the likelihood that the harm alleged by the plaintiffs will ever come to pass'; 2) 'whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims'; and 3) 'the hardship to the parties if judicial relief is denied at this stage in the proceedings.' *Adult Video Ass'n v. United States Dep't of Justice*, 71 F.3d 563, 568 (6th Cir. 1995) (internal quotation and brackets omitted)."

7

(5:22CV0416)

in the case"); *see also* Drake v. City of Detroit, Michigan, 266 Fed.Appx. 444, 448 (6th Cir. 2008) (stating that a prior "complaint is a nullity, because an amended complaint [supersedes] all prior complaints").

Accordingly, the City's Motion for Judgment on the Pleadings (ECF No. 20) is denied without prejudice because it will be moot when Plaintiffs file an Amended Complaint. *See* Kamenski v. Wellington Exempted Village Schools, No. 1:14CV1589 (N.D. Ohio Dec. 15, 2014) (Pearson, J.)

### IV. Conclusion

Defendant City of Canton's Motion for Judgment on the Pleadings (ECF No. 20) is denied without prejudice because it will be moot when Plaintiffs file an Amended Complaint.

Plaintiffs' Motion for Leave to File Amend Complaint (ECF No. 22) is denied with respect to filing a state law claim for declaratory judgment against the City pursuant to Ohio Rev. Code § 2721.03 regarding the indemnification provision in Ohio Rev. Code § 2744.07. Plaintiffs' Motion is granted in all other respects. Plaintiffs shall forthwith serve and file an Amended Complaint.

IT IS SO ORDERED.

| | |
|---|---|
|   December 9, 2022 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |